FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 16 2011 ★

C/M

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X

ROBERT E. POLES,

                           Plaintiff,

                 - against -

BROOKLYN COMMUNITY HOUSING AND
SERVICES, JEFF NEMETSKY,
CHRISTOPHER HALLIGAN, ADAM
LEITMAN BAILEY, P.C.,

                          Defendants.
---------------------------------------------------------- X

**MEMORANDUM DECISION AND ORDER**

11 Civ. 4796 (BMC)

**COGAN**, District Judge.

The Court dismisses plaintiff's complaint *sua sponte*, see Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000), with leave to replead within twenty-one (21) days, for failure to state plausible federal claims in accordance with the requirements of Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). The complaint purports to state federal claims for racial discrimination under 42 U.S.C. § 1981 and 42 U.S.C. § 1985, but does not come close to stating claims under either section of this statute. Plaintiff also brings various state law claims.

## BACKGROUND

Plaintiff is an African American male "long diagnosed as psychiatrically disabled through the psychosis of Schizoaffective Disorder." This is the third action plaintiff has brought before this Court springing from attempts by Brooklyn Community Housing and Services ("BCHS"), through its employees, to remove plaintiff from BCHS housing.

BCHS is a non-profit organization that provides assisted living for adults with psychiatric histories. According to the complaint, which is largely identical to the complaints filed by plaintiff in his prior actions in this Court, defendants BCHS and Jeff Nemetsky (a BCHS employee) refused to renew plaintiff's lease on the basis of his race and in retaliation for his participation in the "BCHS Oak Hall Residents' Council/Tenants Association." In the past, BCHS engaged a non-party law firm to prosecute an eviction proceeding, for non-payment of rent, against plaintiff. Defendant Christopher Halligan worked as an attorney on this eviction, which was ultimately unsuccessful. The fourth defendant, Adam Leitman Bailey, P.C., is not alleged to have played any role in this eviction proceeding and is defined in the complaint only as Halligan's "last known employment address."

## DISCUSSION

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007); accord Iqbal, 129 S.Ct. at 1949-50. The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007) (internal quotation marks and citation omitted). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, when a *pro se* complaint is frivolous, district courts may dismiss the complaint *sua sponte* even when the plaintiff has paid the required filing fee. Fitzgerald, 221 F.3d at 364.

## A. 42 U.S.C. § 1985 Claims

Plaintiff alleges that the defendants conspired with each other to deny him equal protection of New York state real property laws, in violation of his civil rights under 42 U.S.C. § 1985(3). This statute provides a remedy to redress conspiracy by two or more persons "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws." To reach a purely private conspiracy under this particular subsection of the statute, a plaintiff must show "that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268, 113 S.Ct. 753 (1993) (internal quotation marks omitted). This requires both class-based animus and discriminatory intent. Id. at 271-73.

Plaintiff fails to meet this requirement of § 1985(3) for the same reason that he failed to meet this requirement in his first action before this Court. See Poles v. Brooklyn Cmty. Housing & Servs., No. 10-1733, 2011 WL 1992544 (E.D.N.Y. May 14, 2010). Again, the only allegations of racial animosity in Poles' complaint are his conclusory allegations that defendant Christopher Halligan made "personal remarks concerning the race of Plaintiff Poles." Indeed, the paragraph of plaintiff's complaint alleging these "antagonistic and acrimonious personal remarks" appears to have been cut-and-pasted from the complaint filed in his first action. As he did in his first complaint, plaintiff has left this Court in the dark as to the factual content of these "personal remarks." To sufficiently plead that a defendant acted with discriminatory intent, a complaint must contain "factual allegations sufficient to plausibly suggest [defendant's] discriminatory state of mind." Iqbal, 129 S.Ct. at 1952. Plaintiff's complaint does not allege a

single factual occurrence from which this Court could infer that any of the defendants acted with discriminatory intent against plaintiff.

Moreover, to state a claim under § 1985(3), plaintiff "must allege, with at least some degree of particularity, overt acts which defendants engaged in which were reasonably related to the promotion of the claimed conspiracy." Thomas v. Roach, 165 F.3d 137, 147 (2d Cir. 1999). Plaintiff does not allege a single overt act that could establish "the existence of an agreement among the defendants to deprive [plaintiff] of his constitutional rights." Id. From plaintiff's complaint, it is hard to determine whether there is any connection at all between some of the defendants. Accordingly, plaintiff's § 1985(3) claims must be dismissed.

### B. 42 U.S.C. § 1981 Claims

This section of the Civil Rights Acts does not require state action and private parties may be held liable pursuant to it. See, e.g., Phillip v. Univ. of Rochester, 316 F.3d 291, 294-98 (2d Cir. 2003). "To establish a claim under §1981, a plaintiff must allege facts in support of the following elements: (1) the plaintiff is a member of a racial minority; (2) an intent to discriminate on the basis of race by the defendant; and (3) the discrimination concerned one or more of the activities enumerated in the statute (i.e., make and enforce contracts, sue and be sued, give evidence, etc.)." Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993). Section 1981 requires that a defendant's actions were both "intentionally and purposefully discriminatory" and that these discriminatory actions were motivated by plaintiff's race or ethnicity. Reyes v. Erickson, 238 F. Supp. 2d 632, 638 (S.D.N.Y. 2003).

Plaintiff argues that defendants declined to renew his lease in retaliation for his activities in the tenants' association. The only allegation in support of his theory of racial animus is that Halligan made an unspecified, offensive comment at a court conference. Plaintiff has not

asserted that he suffered any detriment in the court proceeding, in which it appears he prevailed. Moreover, plaintiff has not asserted that there was any connection between Halligan's offensive comment and BCHS's decision not to renew his lease. Courts have repeatedly found such allegations insufficient. "[N]aked assertions by plaintiffs that race was a motivating factor without a fact-specific allegation of a causal link between defendant's conduct and the plaintiff's race are too conclusory." Id. at 638 (internal quotation marks omitted). Cf. Pierce v. Netzel, No. 99-9390, 2000 U.S. App. LEXIS 16968, at *3 (2d Cir. July 13, 2000) (finding that plaintiff sufficiently alleged racial animus as motivation for adverse conduct where he specified a number of incidents in which defendant demonstrated his racial animus against African-Americans, including describing the incidents in detail, and noting that such allegations "were a far cry from the type of conclusory allegations we have previously deemed insufficient to state a claim."). Accordingly, plaintiff's claims pursuant to § 1981 must also be dismissed.

### C. State Law Claims

In addition to his two federal claims, Plaintiff brings additional causes of action under New York State Law. Because the Court finds that the federal claims are meritless and dismisses them, it will not exercise supplemental jurisdiction over the state law claims.

## CONCLUSION

Failure to file an amended complaint within twenty one (21) days will result in the dismissal of this case.

**SO ORDERED.**

/Signed by Judge Brian M. Cogan/

U.S.D.J.

Dated: Brooklyn, New York
October 16, 2011

